```
 1
 2
 3
 4
 5
 6
 7
 8                    UNITED STATES DISTRICT COURT
 9                   CENTRAL DISTRICT OF CALIFORNIA
10
11  CAROL L. ROMERO,              )
                                  )
12          Plaintiff,             )  Civil No. EDCV 04-827 (Mc)
                                  )
13     v.                          )  MEMORANDUM OF DECISION
                                  )  AND ORDER IN A
14  JO ANNE B. BARNHART,          )  SOCIAL SECURITY CASE
    Commissioner of Social        )
15  Security Administration,      )
                                  )
16          Defendant.             )
    _____ )
17
```

18      The plaintiff, Carol L. Romero, filed the present action for
19 review of a final determination of the Commissioner of Social Security
20 (the "Commissioner").  For the reasons set forth below, the court
21 finds that the decision of the Commissioner is supported by
22 substantial evidence.  The matter, therefore is affirmed.

**BACKGROUND**

24      The plaintiff filed an application for Supplemental Security
25 Income (SSI) disability benefits under the Social Security Act (the
26 "Act") on June 27, 2002.  [Administrative Record ("AR") 47.]  The
27 Commissioner denied the application initially and on reconsideration.
28 [AR 20, 26.]  At the plaintiff's request, administrative hearings were

held before Administrative Law Edward D. Steinman (the "ALJ") on January 16, 2004. [AR 190.] On March 4, 2004, the ALJ filed a decision concluding that the plaintiff was not under a disability, as defined in the Act, at any time through the date of the decision. [AR 9.] Thereafter, the Appeals Council denied the plaintiff's request for review of the ALJ's decision. [AR 3.] The decision of the ALJ stands as the final decision of the Commissioner.

Thereafter, the plaintiff filed the present action. The plaintiff and the Commissioner have consented to proceed before a United States Magistrate Judge. The parties have entered into a Joint Stipulation setting forth their arguments.

**STANDARDS OF REVIEW**

The court must sustain the findings of the Commissioner unless: (a) they are not supported by substantial evidence in the record as a whole; or (b) the Commissioner applied an improper legal standard. See 42 U.S.C. § 405(g); Gordon v. Secretary of Health and Human Services, 803 F.2d 1071, 1072 (9th Cir. 1986). Substantial evidence means "more than a mere scintilla" but less than a preponderance. Richardson v. Perales, 402 U.S. 389, 401, 91 S.Ct. 1420, 1427, 28 L.Ed.2d 842 (1971); Desrosiers v. Secretary of Health and Human Services, 846 F.2d 573, 576 (9th Cir. 1988). "Substantial evidence" is evidence a "reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. at 402; Gordon v. Secretary of Health and Human Services, 803 F.2d at 1072.

This court must review the record as a whole and consider adverse as well as supporting evidence. See Green v. Heckler, 803 F.2d 528, 529-530 (9th Cir. 1986). Where evidence is susceptible of more than

\\\

one rational interpretation, the court must sustain the Commissioner's decision.  See Gallant v Heckler, 753 F.2d 1450, 1453 (9th Cir. 1984).

### THE FIVE-STEP SEQUENTIAL EVALUATION

The Commissioner has established a five-step sequential evaluation for determining whether a person is disabled.  First, the Commissioner determines whether the person is engaged in "substantial gainful activity."  If so, the Commissioner denies disability benefits.  Second, if the person is not so engaged, the Commissioner determines whether the person has a medically severe impairment or combination of impairments.  If the person does not have a severe impairment or combination of impairments, the Commissioner denies benefits.  Third, if the person has a severe impairment, the Commissioner determines whether the impairment meets or equals one of a number of "listed impairments."  If the impairment meets or equals a "listed impairment," the Commissioner conclusively presumes that the person is disabled.  Fourth, if the impairment does not meet or equal one of the "listed impairments," the Commissioner determines whether the impairment prevents the person from performing past relevant work.  If the person can perform past relevant work, the Commissioner denies benefits.  Fifth, if the person cannot perform past relevant work, the burden shifts to the Commissioner to show that the person is able to perform other kinds of work.  The person is entitled to disability benefits only if he is unable to perform other work.  See 20 C.F.R. § 404.1520; Bowen v. Yuckert, 482 U.S. 137, 140-42, 107 S.Ct. 2287, 96 L.Ed.2d 119 (1987).

### FINDINGS OF THE ALJ

The plaintiff was born on February 3, 1962.  [AR 45.]  The plaintiff has a GED.  [AR 9, 62.]  The plaintiff has past work

experience as a house cleaner and hotel/motel cleaner. [AR 9, 57, 208.] The plaintiff alleges that she is unable to work because of chronic anxiety and depression. [AR 56.] The plaintiff also alleges that she has pain in her wrists, right shoulder, right elbow, and lower back and that her legs "give out." [AR 197-198.]

The ALJ found that the plaintiff had not engaged in substantial gainful activity since the alleged onset of disability. [AR 10, 14.] The ALJ found that the medical evidence established that the plaintiff had the following severe impairments: back impairment, shoulder impairment, carpal tunnel syndrome bilaterally, depression and anxiety disorder. [AR 10, 14.] The ALJ concluded that the plaintiff did not have an impairment or combination of impairments listed, or medically equal to one listed in the Act's listing of impairments.[1] [AR 10, 14.] See 20 C.F.R. Pt. 404, Subpt. P, Pt. 1.

The ALJ found that the plaintiff had the residual functional capacity to lift and carry 30 pounds occasionally and 15 pounds frequently, to sit and stand for six hours in an 8-hour workday. [AR 13, 15.] The ALJ also found that the plaintiff had mild restriction of activities of daily living, mild to moderate difficulty in maintaining social functioning and mild difficulties in concentration, persistence or pace in completing simple repetitive tasks. [AR 13.] The ALJ found that the plaintiff could perform simple repetitive tasks in a non-public environment with limited coworker contact. [AR 13, 15.]

\\\

---

[1] The Act's listing of impairments sets forth certain impairments which are presumed to be of sufficient severity to prevent the performance of work. 20 C.F.R. § 416.925(a).

4

1     The ALJ found that the plaintiff could perform her past relevant
2 work as a hotel/motel cleaner. [AR 14, 15.] The ALJ concluded that
3 the plaintiff was not under a disability, as defined by the Act, at
4 any time through the date of the decision. [AR 14, 15.]

## THE PLAINTIFF'S CONTENTIONS

6     1. The plaintiff contends that the ALJ failed to give proper
7 weight to the opinion of her treating physician. [Joint Stipulation,
8 p. 3.] The plaintiff also contends that the ALJ failed properly to
9 develop the record. [Joint Stipulation, p. 4-5.]
10     2. The plaintiff contends that the ALJ failed properly to
11 evaluate the side effects of the medications used by the plaintiff.
12 [AR 8-9.]

## DISCUSSION

### Weight Given to the Opinion of Dr. Regis

15     The plaintiff contends that the ALJ failed to give proper weight
16 to the opinion of her treating physician, Bonifacio B. Regis, M.D.
17 [Joint Stipulation, p. 6.]
18     The record indicates that Dr. Regis treated the plaintiff at
19 least since January 3, 2001. [AR 148-161, 181-187.] On February 6,
20 2002, in a one-page form, Dr. Regis opined that the plaintiff was not
21 able to work due to her severe anxiety and depression. [AR 117.]
22     The ALJ rejected the opinion of Dr. Regis. [AR 14.] The ALJ
23 noted that the February 6, 2002 form was the only document in the
24 record suggesting that the plaintiff could not work. [AR 14.] The
25 ALJ also noted that the form contained no specific limitations "so it
26 is impossible to know on what basis the opinion was made besides a
27 diagnosis." [AR 14.]
28 \\\

As noted above, the ALJ found that the plaintiff had the residual functional capacity to lift and carry 30 pounds occasionally and 15 pounds frequently and to sit and stand for six hours in an 8-hour workday. [AR 13, 15.] The ALJ also found that the plaintiff had mild restriction of activities of daily living, mild to moderate difficulty in maintaining social functioning and mild difficulties in concentration, persistence or pace in completing simple repetitive tasks. [AR 13.] The ALJ found that the plaintiff could perform simple repetitive tasks in a non-public environment with limited coworker contact. [AR 13, 15.] In support of these findings, the ALJ relied on the opinions of Jagvinder Singh, M.D., and Ernest Bagner III, M.D., and, to a lesser extent, Laja Ibraheem, M.D. [AR 118 et seq., 141 et seq., 162 et seq.]

Dr. Singh performed an internal medicine consultation of the plaintiff on January 8, 2003. [AR 141 et seq.] Dr. Singh found that the plaintiff had a history of neck pain and low back pain but had no physical findings or limitations at the time of his examination. [AR 146.] Dr. Singh opined that the plaintiff was able to stand and/or walk for six hours in an eight-hour workday and had no limitation on her ability to sit. [AR 146.] Dr. Singh opined that the plaintiff could lift and/or carry 50 pounds occasionally and 25 pounds frequently and had no postural or manipulative limitations. [AR 146.] Dr. Singh opined that the plaintiff should avoid working at extreme temperatures and extreme heights. [AR 146.]

Dr. Bagner performed a complete psychiatric evaluation of the plaintiff on September 6, 2002. [AR 118 et seq.] Dr. Bagner diagnosed the plaintiff to have depressive disorder, not otherwise specified, and a Global Assessment of Functioning score of 68. [AR

120.]  Dr. Bagner also noted that the plaintiff suffered back pain and neck pain.  [AR 120.]  Dr. Bagner noted that the plaintiff had a four-year history of depressive and anxiety symptoms.  [AR 120.]  The plaintiff was not seeing a psychiatrist but was taking psychiatric medications with moderate success.  [AR 120.]  Dr. Bagner opined that the plaintiff had no limitations interacting with supervisors, peers and the public or completing simple tasks.  [AR 120.]  Dr. Bagner opined that the plaintiff had mild limitations handling normal stresses at work, maintaining concentration and attention, completing complex tasks and completing a normal workweek.  [AR 120-121.]

Dr. Ibraheem performed a complete psychiatric evaluation of the plaintiff on January 11, 2003.  [AR 162 et seq.]  Dr. Ibraheem diagnosed the plaintiff to have depressive disorder, not otherwise specified and a Global Assessment of Functioning score of 65.  [AR 166.]  Dr. Ibraheem also noted, "Rule out adjustment disorder with mixed anxiety and depressed mood."  [AR 166.]  Dr. Ibraheem opined that the plaintiff could focus attention adequately and follow one- and two-part job instructions.  [AR 166.]  Dr. Ibraheem also opined that the plaintiff could remember and complete simple and complex tasks.  [AR 166.]  Dr. Ibraheem also opined that the plaintiff could tolerate the stress inherent in the work environment, maintain regular attendance, work without supervision and interact with supervisors, co-workers and the general public.  [AR 166.]

A treating physician's opinion is entitled to greater weight than that of an examining physician.  Andrews v. Shalala, 53 F.3d 1035, 1041 (9th Cir. 1995) (citing Magallanes v. Bowen, 881 F.2d 747, 751 (9th Cir. 1989)); Sprague v. Bowen, 812 F.2d 1226, 1230 (9th Cir. 1987).  "The treating physician's opinion is not, however, necessarily

7

conclusive as to either a physical condition or the ultimate issue of disability." Magallanes v. Bowen, 881 F.2d at 751 (citing Rodriguez v. Bowen, 876 F.2d 759, 761-62 n.7 (9th Cir. 1989)). The weight given a treating physician's opinion depends on whether it is supported by sufficient medical data and is consistent with other evidence in the records. 20 C.F.R. § 416.927 (1994).

The ALJ may disregard the treating physician's opinion whether or not that opinion is contradicted. Andrews v. Shalala, 53 F.3d 1035, 1041 (9th Cir. 1995) (citing Magallanes v. Bowen, 881 F.2d at 751). A medical opinion is considered uncontroverted if all the underlying medical findings in the record of plaintiff's impairments are similar. Sprague v. Bowen, 812 F.2d 1226, 1230 (9th Cir. 1987). To reject the uncontroverted opinion of a claimant's physician, the ALJ must present clear and convincing reasons for doing so. Andrews v. Shalala, 53 F.3d 1035, 1041 (9th Cir. 1995) (citing Magallanes v. Bowen, 881 F.2d at 751); Montijo v. Secretary of Health & Human Servs., 729 F.2d 599, 601 (9th Cir. 1984). Even if the treating physician's opinion is contradicted, the Commissioner may not reject the opinion without providing "specific and legitimate reasons" for doing so which are supported by substantial evidence. Lester v. Chater, 81 F.3d 821, 830 (9th Cir. 1996).

The ALJ specifically stated that he rejected the opinions of Dr. Regis. The ALJ noted that the opinions were on a check-off form which set forth no specific limitations and this made it "impossible to know on what basis the opinion was made." [AR 14.] An ALJ may properly reject an opinion contained in a check-off report which does not contain any explanation of the basis of the opinion. See Crane v. Shalala, 76 F.3d 251, 253 (9th Cir. 1996).

1    Furthermore, where the treating physician's opinion is
2 contradicted, and the opinion of a nontreating source is based on
3 independent clinical findings that differ from those of the treating
4 physician, the opinion of the nontreating source may itself be
5 substantial evidence on which the ALJ may rely. Andrews v. Shalala,
6 53 F.3d at 1041.
7    Here, the opinion of Dr. Regis was contradicted by the opinions
8 of Dr. Singh, Dr. Bagner and Dr. Ibraheem, all of whom examined the
9 plaintiff.  The ALJ gave "significant weight" to the opinions of Dr.
10 Singh.  [AR 13.]  The ALJ also relied on the opinions of Dr. Bagner
11 and Dr. Ibraheem, but to a lesser extent.  [AR 13.]  The opinions of
12 Dr. Singh, Dr. Bagner and Dr. Ibraheem were based upon their own
13 independent clinical findings from their examinations of the
14 plaintiff.  [AR 118 et seq., 141 et seq., 162 et seq.]  The ALJ
15 properly relied on the opinions of Dr. Singh, Dr. Bagner and Dr.
16 Ibraheem.  See Andrews v. Shalala, 53 F.3d at 1041.  The ALJ properly
17 rejected the opinions of Dr. Regis.

**Development of the Record**

19    The plaintiff contends that the ALJ failed properly to develop
20 the record.  [Joint Stipulation, p. 4-5.]  The plaintiff contends
21 that, after the ALJ noted that it was impossible to know the basis of
22 Dr. Regis' opinion, the ALJ "at a minimum, should have recontacted Dr.
23 Regis to obtain additional information and clarification of Dr.
24 Regis's treatment records and medical assessment."  [Joint
25 Stipulation, p. 4.]
26    An ALJ has a duty fully and fairly to develop the record only
27 when the evidence is ambiguous or "the record is inadequate" to allow
28 for proper evaluation of the evidence.  See Tonapetyan v. Halter, 242

9

1  F.3d 1144, 1150 (9th Cir. 2001); Mayes v. Massanari, 276 F.3d 453,
2  459-60 (9th Cir. 2001). "The requirement for additional information
3  is triggered only when the evidence from the treating medical source
4  is inadequate to make a determination as to the claimant's
5  disability." Thomas v. Barnhart, 278 F.3d 947, 958 (9th Cir. 2002).
6      Dr. Regis' opinion appears on a check-off form dated February 6,
7  2002. [AR 117.] Before the January 16, 2004 hearing, the ALJ had
8  obtained the treatment notes of Dr. Regis covering the period
9  beginning January 3, 2001 and ending January 9, 2003. [AR 148-161.]
10 At the hearing, the plaintiff's counsel submitted additional treatment
11 notes from Dr. Regis covering the period beginning June 26, 2003 and
12 ending January 8, 2004. [AR 180-187.] The ALJ reviewed Dr. Regis'
13 treatment notes. [AR 11.] The ALJ noted that Dr. Regis treated the
14 plaintiff for anxiety and depression and carpal tunnel syndrome. [AR
15 11.] Dr. Regis treated the plaintiff conservatively for her
16 complaints. [AR 11.]
17     While the ALJ stated that it was impossible to know the basis of
18 Dr. Regis' opinion that the plaintiff could not work due to anxiety
19 because Dr. Regis did not set forth specific limitations on the check-
20 off form, this does not mean the evidence in the record was
21 inadequate. The ALJ's statement means that Dr. Regis did not provide
22 any explanation of the basis of his opinion in the check-off form.
23 This is a proper rationale upon which the ALJ may reject that opinion.
24 See Crane v. Shalala, 76 F.3d at 253.
25     The record here included Dr. Regis' treatment notes. The ALJ
26 reviewed these notes and concluded that the plaintiff was treated
27 conservatively for her depression and anxiety. The record here also
28 included, inter alia, the petitioner's hearing testimony, the

10

1 plaintiff's application for benefits and daily activities
2 questionnaire, and internal medicine and psychiatric evaluations from
3 consulting physicians.  The record here is not ambiguous or inadequate
4 to allow for proper evaluation of the evidence.  Accordingly, the
5 ALJ's duty to obtain additional information was not triggered.  <u>Thomas</u>
6 <u>v. Barnhart</u>, 278 F.3d at 958; <u>Tonapetyan v. Halter</u>, 242 F.3d at 1150.
7 The ALJ did not fail properly to develop the record.

**The Plaintiff's Side Effects**

The plaintiff contends that the ALJ failed properly to evaluate the side effects of the medications suffered by the plaintiff.  [AR 8-9.]  The plaintiff alleges, "Plaintiff was asked about her medications and if they caused any side effects.  She indicated that she was taking Paxil for depression and that she experienced 'sleepiness' as a side effect."  [Joint Stipulation, p. 8.]  The plaintiff contends that the ALJ failed properly to evaluate the plaintiff's sleepiness caused by Paxil.  [Joint Stipulation, p. 8-9.]

The transcript does not support the plaintiff's allegations.  [AR 192 <u>et seq</u>.]  The plaintiff did not state during the hearing that she experienced sleepiness as a side effect of Paxil.  In fact, the transcript clearly shows that the plaintiff was not currently taking Paxil.  [AR 196.]  The plaintiff testified that she stopped taking Prozac and Paxil because they "didn't work for me."  [AR 196.]  Accordingly, any sleepiness or other side effects which Paxil may have caused was not relevant.  The ALJ did not have a duty to evaluate any sleepiness caused by Paxil.

\\\
\\\
\\\

## **CONCLUSION**

After careful consideration of the pleadings, the transcript of the record, and in accordance with the foregoing discussion, the magistrate judge finds that the decision of the Commissioner is supported by substantial evidence and that the Commissioner has applied proper legal standards.

## **ORDER**

IT IS ORDERED that Judgment be entered in favor of the Commissioner and against the plaintiff.

Dated: December 22, 2005

_____/s/_____
JAMES W. McMAHON
United States Magistrate Judge